UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-4106 |
| | § | |
| ROCKFORD MACHINE | § | |
| PRODUCTS, INC., *et al.* | § | |
| *Defendants.* | § | |

## **ORDER**

Before the court are two motions, one by defendant Rockford Machine Products, Inc. (Rockford), and the other by defendants Michael H. Barr and Elizabeth A. Barr, to enlarge the time to respond to plaintiff Financial Federal Credit, Inc.'s (FFC) complaint (Dkt. Nos. 4, 5). These motions have been referred to this court for disposition. For the reasons that follow, the motions are denied.

FFC filed its complaint on December 5, 2005. Rockford and the Barrs were served with process on December 14, 2005. Unless formal service is waived, the Federal Rules of Civil Procedure require a defendant to serve an answer within twenty days after being served with the complaint. *See* FED. R. CIV. P. 12(a)(1). An answer by the defendants was therefore due January 3, 2006. The defendants have requested an additional thirty days, or until February 3, 2006, to answer. Under

Federal Rule of Civil Procedure 5(b), a court in its discretion may enlarge the time to respond "for cause shown."  FED. R. CIV. P. 5(b).

The defendants state that they need additional time to prepare a response, but offer no further explanation.  Thus, the defendants have not shown good cause why an enlargement of time should be granted.  Moreover, nearly sixty days have now passed since a response was due and the defendants have yet to file any responsive pleading.

There are additional difficulties with the motions.  First, the Local Rules for the Southern District of Texas require that opposed motions, other than those under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, contain an averment that "[t]he movant has conferred with the respondent and Counsel cannot agree about the disposition of the motion."  S.D. Tex. Loc. R. 7.1.  No certificate of conference was attached, and indeed no attempt to confer with FFC was made before these motions were filed.

FFC further objects that Rockford's motion was signed by its president, Michael Barr, rather than by counsel.  FFC correctly points out that a corporation may only appear in federal court through counsel.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in federal

courts only through licensed counsel"); *see also* FED. R. CIV. P. 11 (requiring every motion to be signed by an attorney or by a party).

Under these circumstances, the motions are both substantively and procedurally flawed. The motions to enlarge time are denied.

Signed on March 3, 2006, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge